# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DANCY,<br><br>                Plaintiff,<br><br>    v.<br><br>WARDEN CALVIN JOHNSON, et al.,<br><br>                Defendants. | Case No. EDCV 15-1463-AG (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

      Larry Dancy ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Complaint").

      In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

      A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## FACTUAL ALLEGATIONS

Plaintiff's claims arise out of his confinement at the United States Penitentiary in Victorville, California ("USP-Victorville"). He names Warden Calvin Johnson, Captain Wise, Correctional Officer Smith, AHSA J. Gepulle, Dr. Quinn, Lieutenant John Doe, and Correctional Officer John Doe as Defendants. (Complaint at 1-2.) All Defendants are prison officials at USP-Victorville and are sued in their individual and official capacities. (Id.) Plaintiff alleges that Defendants were deliberately indifferent to a substantial risk of serious harm to him and to his serious medical needs, in violation of his Eighth Amendment rights. (Id. at 2-5.) Plaintiff seeks compensatory and punitive damages. (Id. at 5.)

Plaintiff alleges the following:

Claim One: On March 19, 2014, while he was housed at USP-Victorville, "he was brutally attacked by unknown assailants." (Complaint at 2.) He sustained serious injuries as a result of the attack, including numerous broken facial bones and stab wounds to his chest and shoulder. (Id. at 2.) Defendants Smith and Correctional Officer John Doe "failed through gross negligence to make their assigned rounds in the unit, which caused this Plaintiff to suffer an extreme injury." (Id. at 2.) Defendants Smith and Correctional Officer John Doe "practiced an unwritten policy or custom" of "failing to do assigned rounds at their duty post." This policy or custom was facilitated "by a lack of training and supervision" by Defendants Johnson and Wise, "whose job descriptions are to insure the safety of all inmates" at USP-Victorville. (Id. at 3.)

Claim Two: Plaintiff was attacked on March 19, 2014, at approximately 4:45 p.m. (Complaint at 4.) He was stabbed multiple times in the chest and shoulder, and suffered "severe facial breaks in his left orbital eye socket, and sinus cavities, which required

surgery." (Id.) Plaintiff was not seen by outside emergency room doctors until March 20, 2014, at 4:58 a.m., approximately 12 hours after the attack. (Id.)

Apparently on March 19, 2014,[1] after the attack, Defendant Quinn, a doctor at USP-Victorville, did not approve Plaintiff to see an ophthalmologist or have a CT scan to evaluate his injuries. (Complaint at 4 and Exh. A.) Defendant Quinn's failure to refer Plaintiff to an ophthalmologist and failure to send him to an outside emergency room for 12 hours "establishes clear and convincing deliberate indifference to a serious medical need." (Id.) Dr. Quinn was acting pursuant to "an unwritten policy or custom set forth by Assistant Health Service Administrator J. Gepulle, who failed to properly supervise or train doctors directly under her authority." (Id.) This unwritten policy or custom was "to allow those under their care to suffer unduly, due to deliberate indifference to serious medical needs of Plaintiff" who had sustained serious injuries. (Id. at 5.)

Plaintiff seeks punitive and compensatory damages from all Defendants. (Complaint at 5.)

**DISCUSSION**

**I.     Plaintiff Cannot State a Claim Against Defendants in Their Official Capacities.**

In the Complaint, Plaintiff purports to name all of the Defendants in their individual and official capacities. (Complaint at 1-2.) However, an official capacity suit against a federal employee is the same as a suit against the United States. See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The United States is a sovereign and, as such, is immune from suit unless it has expressly waived immunity and consented to be sued. See United States v. Mitchell, 463 U.S. 206, 212 (1983); United States v. Shaw, 309 U.S. 495, 500–01 (1940); Gilbert, 756 F.2d at 1458; Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). The waiver must be unequivocally expressed. See United States v. Teston, 424 U.S. 392, 399 (1976). The United States has not waived sovereign immunity for suits for

---

[1] The date on the document Plaintiff references is illegible, but he states that the denial of the opthalmology referral and CT scan was on March 19, 2014, the date of the assault.

4

damages based on alleged civil rights violations by its employees. See, e.g., Thomas–Lazear v. Federal Bur. of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988); Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985). Thus, the doctrine of sovereign immunity bars claims for monetary damages against federal actors sued in their official capacities. See, e.g., Gilbert, 756 F.2d at 1458 (barring suit against federal officials sued in their official capacities); see also Daly–Murphy v. Winston, 837 F.2d 348, 355-56 (9th Cir. 1987) (noting that a Bivens action can be maintained against a defendant in his or her individual capacity only and not in his or her official capacity).

Accordingly, Plaintiff cannot maintain an Eighth Amendment claim against any Defendant in his or her official capacity.

## II. Plaintiff Has Failed to State a Claim Against the Supervisory Defendants.

The Supreme Court in Iqbal, 556 U.S. at 676, reaffirmed that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Accordingly, Plaintiff may not maintain a federal civil rights action against a federal official based on his or her supervisory position. Rather, Bivens creates a cause of action only against federal officials who participated directly in the claimed constitutional violation; the doctrine of respondeat superior cannot be invoked in such actions. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (holding that "respondeat superior is inapplicable" to federal civil rights claims under Bivens). A supervisory official may be held liable only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc). "This causal connection can include: '1) [the supervisors'] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) [their] conduct that showed a reckless or callous indifference to the rights of others.'" Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d

1062, 1075 (9th Cir. 2013) (citing Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000).

Here, Plaintiff claims Defendants Johnson, Wise, and Lieutenant Doe "failed to properly train and supervise their officers," which led to Defendants Smith and John Doe Correctional Officer failing to make their assigned rounds, which led to Plaintiff being attacked by unknown assailants. (Complaint at 3.) Plaintiff further claims that Defendant Gepulle "failed to properly supervise or train doctors" and allowed inmates under her care "to suffer unduly, due to deliberate indifference to serious medical needs." (Id. at 5.) Plaintiff does not even purport to allege that any of these supervisory Defendants participated directly in any action relating to Plaintiff's constitutional claims. Moreover, Plaintiff fails to allege facts demonstrating any causal connection between these Defendants' wrongful acts and the harm suffered by Plaintiff. His claims are wholly conclusory. Thus, the allegations stated in the Complaint are entirely insufficient to state an Eighth Amendment claim against the supervisory Defendants.

### III. Plaintiff Has Failed to State an Eighth Amendment Claim for Deliberate Indifference to a Substantial Risk of Serious Harm.

Under the Eighth Amendment, prison officials have a duty to take reasonable steps to guarantee an inmate's safety and protect him from assault by other inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1970); see also Whitley v. Albers, 475 U.S. 312, 320 (1986). An inmate must show: "(1) he faced a substantial risk of serious harm, (2) the defendants were deliberately indifferent to that risk, and (3) the defendants' failure to act was a proximate cause of the harm that he suffered." Castro v. County of Los Angeles, 797 F.3d 654, 665-66 (9th Cir. 2015) (citing Farmer, 511 U.S. at 847).

A defendant is "'deliberately indifferent' to a substantial risk of serious harm when he knew of the risk but disregarded it by failing to take reasonable measures to address the danger." Id. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "This subjective inquiry involves two parts. First, Plaintiff

1 must demonstrate that the risk was obvious or provide other circumstantial or direct
2 evidence that the prison officials were aware of the substantial risk to the [] inmates' safety.
3 [Citation.] Second, they must show that there was no reasonable justification for exposing
4 the inmates to the risk." Lemire, 726 F.3d at 1078. In the failure-to-protect context, the
5 official is not required to "believe to a moral certainty that one inmate intends to attack
6 another" before he is obligated to act, but "he must have more than a mere suspicion that
7 an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (internal
8 quotation marks omitted).

Here, Plaintiff alleges that on March 19, 2014, while housed at USP-Victorville, Housing Unit 4B, cell 119, "he was brutally attacked by unknown assailants." (Complaint at 2.) He further alleges that Defendants Smith and John Doe Correctional Officer "failed through gross negligence to make their assigned rounds in the unit, which caused this Plaintiff to suffer an extreme injury." (Id.) These allegations are plainly insufficient to state an Eighth Amendment claim for failure to protect. Even assuming that Defendants Smith and John Doe Correctional Officer "failed to make their assigned rounds," there are no facts alleged that would tend to show that, before the attack, Plaintiff faced a substantial risk of serious harm, that Defendants were aware such a risk, or that failure to make their assigned rounds was the proximate cause of the attack. Plaintiff must plead additional facts regarding the risk he faced, how the Defendants knew or should have known of the risk, and how their actions proximately caused Plaintiff harm.

Thus, Plaintiff has failed to state an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm.

**IV. Plaintiff Has Failed to State an Eighth Amendment Claim for Deliberate Indifference to His Serious Medical Needs.**

The Eighth Amendment prohibition against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). However, in order to establish an Eighth Amendment claim based on inadequate medical care,

Plaintiff must show that the Defendants were deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32 (1993); Gamble, 429 U.S. at 106; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).

There is both an objective and subjective component to an actionable Eighth Amendment claim. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires the inmate to show an "objectively, sufficiently serious harm," meaning that the failure or delay in treatment could result in significant injury. Id. (citation and internal quotations omitted). The subjective component requires the inmate to show the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Id. (citing Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994))). "'Deliberate indifference' is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Clement, 298 F.3d at 904 (quoting Farmer, 511 U.S. at 837).

Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to constitute an Eighth Amendment violation. See, e.g., Gamble, 429 U.S. at 105–06; Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." See Gamble, 429 U.S. at 106; see also, e.g.,

Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff's claim is based on Dr. Quinn's alleged failure to send him to the emergency room until 12 hours after the beating and failure to approve him to see an ophthalmologist or for a CT scan, apparently on the day of the beating. Plaintiff has failed to allege facts from which an inference could be drawn that Dr. Quinn acted with deliberate indifference to his serious medical needs as a result of these treatment decisions.

First, Plaintiff has alleged no facts indicating that the 12 hour delay in sending him to the emergency room resulted in additional injury. See Shapley, 766 F.2d at 407 (mere delay in medical care, without factual allegations that delay caused harm, does not constitute deliberate indifference). Rather, it appears that Plaintiff was treated in the emergency room, released, and told to return in one week for a follow up with the oral and maxillofacial surgery clinic. In addition, Plaintiff underwent extensive facial surgery on April 2, 2014, just over two weeks after the incident.

Second, Plaintiff has alleged no facts indicating that Dr. Quinn's decision to refer Plaintiff for a head and neck consultation on March 19, 2014, but declining to refer him to an ophthalmologist or for a CT scan, caused him further injury. Again, on March 20, 2014, Plaintiff was treated in the emergency room, given a referral for a follow up with the oral and maxillofacial surgery clinic, apparently was recommended for surgery, and ultimately had extensive facial surgery.

Accordingly, Plaintiff has failed to allege sufficient facts to state a claim for deliberate indifference to his serious medical needs.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: October 19, 2015                                 */s/ John E. McDermott*
                                                                        JOHN E. MCDERMOTT
                                                                        UNITED STATES MAGISTRATE JUDGE