UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LARRY DANCY,<br><br>    Plaintiff,<br><br>    v.<br><br>CALVIN JOHNSON, ET AL.,<br><br>    Defendant. | No. ED CV 15-01463 AG (JEM)<br><br>**[PROPOSED]**<br><br>**PROTECTIVE ORDER** |

    Defendants, through counsel, represent that discovery of a videodisc with images closest in time to the issues in this case arising from an alleged assault on Plaintiff in his former cellblock at USP Victorville, contains images of the operations of the cellblock to which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

    GOOD CAUSE having been shown, the Court enters the following Protective Order:

    Defendants, through the Federal Bureau of Prisons (hereinafter "BOP"), will produce the videodisc for Plaintiff to view at his current place of confinement, USP

Coleman II, Coleman, Florida. Defendants' counsel represents that the videodisc contains recorded images of Plaintiff's cellblock during the time 16:58 to 17:10, March 19, 2014. The copy of the videodisc produced for Plaintiff will remain in the possession of Plaintiff's BOP Unit Team at USP Coleman II for Plaintiff to view upon Plaintiff's reasonable written request. Plaintiff may not retain physical custody of the videodisc due to security concerns as to the operation of the cellblock at USP Victorville recorded on the videodisc.

The videodisc may be used by the parties, counsel, experts, consultants and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever.

The videodisc, and/or contents thereof, shall be disclosed only to:

1. Counsel of record for the parties;
2. Plaintiff, provided that he agrees to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;
3. Expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;
4. Non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A. Said non-expert witnesses shall be permitted to view the images on the videodisc in the presence of counsel, but shall not be given a copy to retain.

At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the videodisc shall be returned to Defendants' counsel within 30 days of the termination of the action, including copies provided to expert

consultants/witnesses.

This Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter. This Protective Order permits Defendants to produce the videodisc as set forth above.

Nothing in this Protective Order shall prohibit a party from seeking further protection of the videodisc by stipulation among the parties, approved by the Court, or by application to the Court directly.

Nothing in this Protective Order constitutes a waiver of any party's right to seek a Court Order permitting the future use and/or production of the videodisc.

Nothing in this Protective Order constitutes a waiver of Defendants' right to use, disclose or disseminate the videodisc in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, or BOP policies.

Neither the United States Department of Justice, including the BOP and the United States Attorney's Office, nor any of its officers, agents, employees, or attorneys, shall bear any responsibility or liability for any disclosure of the videodisc obtained by the parties under this Protective Order, or of any information contained therein.

This Protective Order does not constitute any ruling on the question of whether the videodisc is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein, this Protective Order does not apply to any information or documents subject to a claim of privilege or other basis

///
///
///
///
///

of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

Dated this 10th day of July, 2017.

_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

|   |   |   |
|---|---|---|
| 1 | | EXHIBIT "A" |
| 2 | | |

I have read and understand the Protective Order entered by the Court in the case entitled <u>Larry Dancy v. Calvin Jones, et al.</u>, Case No. ED CV 15-01463 AG (JEM), and I agree to be bound by its terms.

DATED: _____

DATED: _____

| | |
|---|---|
| 1 | PRESENTED BY: |
| 2 | SANDRA R. BROWN |
| 3 | Acting United States Attorney<br>DOROTHY A. SCHOUTEN |
| 4 | Assistant United States Attorney<br>Chief, Civil Division |
| 5 | ROBYN-MARIE LYON MONTELEONE<br>Assistant United States Attorney |
| 6 | Chief, General Civil Section |
| 7 | /s/ *Marcus M. Kerner* |
| 8 | MARCUS M. KERNER<br>Assistant United States Attorney |
| 9 | Attorneys for Defendants |
| 10 | Calvin Johnson, Patrick Wise, and Brian Smith |